ROGERS & OLIVER v. JOHN M. PATTERSON.

A defendant may be examined as a witness against himself, but not against his co-defendant. (Paschal's Dig., Art. 3754, Note 857.)

Where the action was for money had and received, the defendant may show the character of funds in which it was received; and, if in Confederate notes, that fact may be shown.

ERROR from Victoria. The case was tried before Hon. WESLEY OGDEN, one of the district judges.

This suit was brought in the court below by Patterson against Rogers & Oliver, for money had and received by them for plaintiff's use. Rogers did not answer. The other defendant, Oliver, set up the defense, that the money sued for and charged to have been received by them was "Confederate treasury notes." The plaintiff replied, that at the time the money sued for was received by the defendants, he, the plaintiff, was absent from the State of Texas; that the defendants had speculated on his funds, which entitled him, under the law, to profits or compound interest, and he claimed the same as damages.

The defendant, Oliver, demurred to this replication and prayer for damages. The court sustained the demurrer.

An amendment was filed, and in that a full statement was made of the entire transaction between the parties.

Rogers & Oliver were partners as merchants; Rogers & Patterson were partners in a stock ranch; Patterson left the state, and Rogers, in the absence of Patterson, attended to the interests of the stock ranch, and transacted the business partly by himself and partly, as to the firm of Rogers & Oliver, in connection with Oliver. The avails of the stock ranch were received by Rogers & Oliver. They presented Patterson with an account stated, showing that there were due him $1,632 63.

The defendants offered to show that this balance was received in Confederate treasury notes. This evidence was refused by the court.

Objection was made to Rogers as a witness, which was overruled, and he testified against the firm.

*A. B. Peticolas*, for plaintiff in error.

*A. H. Phillips*, for defendant in error.

LINDSAY, J.—There are two errors assigned in the record of this case, either of which we deem sufficient to reverse it. The rule at common law, that no party to the record is a competent witness to testify for or against other parties thereto, is still the rule of administrative justice in matters of contract, and has not been changed by the statutes of this state. The statutes of Texas upon the testimony of parties to the record, or rather in reference to taking the answer of the defendant, were enacted to engraft a rule of equitable proceeding upon the common law, which had been adopted by a general statute as the rule of decision, and without such statute all trials in this state would have been subjected to the rigid rules of the common law. These enactments, with others of a like tendency, were the methods of blending the equity and common-law systems

in our civil jurisprudence.   But the principles of neither
system were intended to be changed by such legislation,
except where the special statute itself specifically avows
that purpose.   No such purpose is declared in the statutes
upon the question of evidence.   The object designed in
calling upon a defendant to testify is to secure the equitable
right of discovery against the deposing party by purging
his conscience.   It is not for the purpose of obtaining a
discovery against others.   Both law and equity, unmodi-
fied by statutory enactment, clearly sustain the view which
we have here taken, and upon principle the co-defendant's
testimony was improperly admitted on the trial.   Its exclu-
sion is also justified by the authority of the case of Gill v.
Campbell, in 24 Texas, 407.   That case would exclude the
witness on the score of interest.   His interest in the result
of the suit was most obvious.   He was a partner of the
plaintiff, and also a partner of his co-defendant.   He was
certainly interested in making out upon the trial that the
original liability, if it existed at all, was a joint liability,
which only made him, as a firm member, responsible for
one-half of it.   He was interested in establishing that fact
upon the trial.   The allegation that the plaintiff sought
only to recover one-half of the partnership demand (the
witness, as a partner, being entitled to the other half, and
being also a partner in the firm sued) did not obviate the
necessity of making proof of the facts.   And if his testi-
mony conduced to establish any of the facts in the least
degree, he was giving evidence in his own favor against a
third party, which is repugnant both to law and justice.

The suit was for money had and received by one firm
for the use and benefit of another.   In defense to the
action the party had a right to show any facts which might
evince to the court that, *ex equo et bono*, he ought not to
be made liable.   In the issue made by the pleadings in
this case the defendant was authorized to introduce proof
to show either the amount or the value of what he did

receive, or to show that it was valueless, and in good conscience he ought not to be required to pay. He might have shown that, although there was an actual deposit of a definite amount of nominal specie dollars for the use and benefit of the plaintiff in his care and custody, yet they all turned out to be spurious and counterfeit and of no value, and therefore the plaintiff ought not to recover against him. This is certainly the law upon such a state of facts as is set forth in the pleadings of the plaintiff in this action. The court, therefore, erred in excluding testimony offered by the defendant to show what amount in value was had and received by the defendant for the use of the plaintiff. The judgment of the court below is therefore reversed and a new trial awarded.

REVERSED AND REMANDED.